# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF SWANNIE HER, CONNIE HER, CHONG HER,
EKIN HER (a minor), JASMINE HER (a minor), ALEXANDER
HERNANDEZ (a minor), EVANGELIN HER (a minor),
CHUEXNG HER (a minor), THVON HER (a minor), JOVANYEL
RAMIREZ-CHANG (a minor), JHOVANNY RAMIREZ-CHANG (a
minor), and CHUEVE HER (a minor)

           Plaintiff(s)

 -vs-

KRAIG SADOWNIKOW
CITY OF WEST BEND, A MUNICIPAL CORPORATION
1115 SOUTH MAIN STREET
WEST BEND, WI 53095
 and,
CRAIG HOEPPNER, RYAN ZAMROW, BROGAN ZOCHERT,
MICHAELA MILLARD, CASSIDY HOLBROOK, NOAH
WILKENS, MADELINE KAPHINGST, ABIGAIL EHMKE,
CITY OF WEST BEND, A MUNICIPAL CORPORATION, CITY
OF WEST BEND PARKS AND RECREATION COMMISSION
1115 SOUTH MAIN STREET
WEST BEND, WI 53095
 and,
STATEWIDE SERVICES, INC.
BUSINESS FILINGS INCORPORATED
1241 JOHN Q. HAMMONS DRIVE, SUITE 200
MADISON, WI 53717

           Defendants.

**Case No._____**

---

## COMPLAINT
---

      NOW COMES the above named Plaintiffs, the Estate of Swannie Her, Connie Her, Chong

Her, Colina Vang (a minor), Ekin Her (a minor), Jasmine Her (a minor), Alexander Hernandez (a

minor), Evangelin Her (a minor), Chucxeny Her (a minor), Thvon Her (a minor), Jovanyel Ramirez-

Chang (a minor), and Jhovanny Ramirez-Chang (a minor), by their attorneys, **GENDE LAW OFFICE,**

**S.C.** and **JUDGE, LANG & KATERS, LLC,** and as for their claims for relief against the above named

defendants, allege and shows the Court as follows:

### INTRODUCTION

1. This case involves the City of West Bend, the City of West Bend Parks and Recreation Commission, and the individually named Defendants and their failure to properly protect the health and safety of patrons of Regner Park resulting in Swannie Her's (a minor) death. Defendants' infringed on and violated the Constitutional, Civil, and Statutory Rights of Swannie Her causing the Plaintiffs to suffer damages, injures and ultimately Swannie Her's death as hereinafter set forth.

2. On June 11, 2016, six-year-old, Swannie Her, paid to attend the City of West Bend's Regner Park for her cousin's birthday. She entrusted and relied on the care and supervision of the City of West Bend and the West Bend Parks and Recreation Commission's employees, supervisors, lifeguards, volunteers and/or other agents. Due to the failure of the City of West Bend, the City of West Bend Parks and Recreation Commission, and the individually named Defendants, Swannie Her drowned in the Regner Park swimming pond.

3. The Defendants through their deliberate failures to adequately provide reasonable safety precautions created a danger to the public and Swannie Her, all while charging an admittance fee. As a result of the Defendants' reckless disregard and deliberate indifference, Swannie Her was tragically and permanently deprived of life and liberty.

4. Plaintiffs bring this action under the United States Constitution, particularly under the provisions of the Fourteenth Amendment; Title 42 of the United States Code Section 1983; and Wisconsin State law including claims negligence and violation of Wis. Stat §§ 101.11 and 895.04.

## **JURISDICTION**

5. That this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States.

6. That this Court has jurisdiction pursuant to 28 U.S.C.§ 1343 (a)(3) because this action seeks to redress the deprivation, under color of state law, statute, ordinance, custom or usage

of Plaintiffs' civil rights secured by the Constitution of the United States and by Act of Congress.

7. That the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interests, and attorneys' fees.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this State, all Defendants reside in this district, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## THE PARTIES

9. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

10. Plaintiff, the Estate of Swannie Her ("the Estate"), represents the decedent, Swannie Her, who drowned while a patron at Regner Park with her family due to the negligence, reckless disregard and deliberate indifference of the defendants. At all times material hereto, Swannie Her, was a resident of the State of Wisconsin. The process of opening an Estate for the decedent and a Petition for Special Administration requesting a Special Administrator be named for the Estate of Swannie Her is currently ongoing in Marathon County, Wisconsin.

11. Plaintiff, Connie Her, is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Connie resided at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Connie Her, is the mother of decedent Swannie Her.

12. Plaintiff, Chong Her, is an adult resident of the United States and a resident of the State of Wisconsin. At all times material hereto, Chong resided at 214 South 7th Avenue, Wausau, WI 54401. Plaintiff, Chong Her, is the father of decedent Swannie Her. At all times material hereto, Connie Her and Chong Her (hereinafter collectively "Swannie's Parents") were residents of the State of Wisconsin.

13. Plaintiff, Ekin Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Ekin Her, is a minor sibling of decedent Swannie Her.

14. Plaintiff, Jasmine Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff Jasmine Her, is a minor sibling of decedent Swannie Her.

15. Plaintiff, Alexander Hernandez, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Alexander Hernandez, is a minor sibling of the decedent Swannie Her.

16. Plaintiff, Evangelin Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 214 South 7th Avenue, Wausau, WI 54401. Plaintiff, Evalgelin Her, is a minor sibling of the decedent Swannie Her.

17. Plaintiff, Chuexng Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 214 South 7th Avenue, Wausau, WI 54401. Plaintiff, Chuexng Her, is a minor sibling of the decedent Swannie Her.

18. Plaintiff, Thvon Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Thvon Her, is a minor sibling of the decedent Swannie Her.

19. Plaintiff, Jovanyel Ramirez-Chang, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Jovanyel Ramirez-Chang, is a minor sibling of the decedent Swannie Her.

20. Plaintiff, Jhovanny Ramirez-Chang, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 6614 N. 85th Street, Milwaukee, WI 53224. Plaintiff, Jhovanny Ramirez-Chang, is a minor sibling of the decedent Swannie Her.

21. Plaintiff, Chueve Her, is a minor child and citizen of the United States and a resident of the State of Wisconsin, residing at 214 South 7th Avenue, Wausau, WI 54401. Plaintiff, Jhovanny Ramirez-Chang, is a minor sibling of the decedent Swannie Her.[1]

22. Defendant, City of West Bend, is a municipal corporation located at 1115 South Main Street, West Bend, Wisconsin. At all times material hereto, the City of West Bend, was a municipal corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin. At all times material hereto, the City of West Bend and The City of West Bend Parks and Recreation Commission owned and operated the swimming pond located at Regner Park. At all times material hereto, the City of West Bend was responsible for overseeing the operations of the West Bend Parks and Recreation Commission. At all times material hereto, the City of West Bend and the City of West Bend Parks and Recreation Commission hired and trained the individuals who oversaw and operated the day-to-day operations of the swimming pond located at Regner Park. At all times material hereto, the City of West Bend and the City of West Bend Parks and Recreation Commission, their agents, servants, and/or employees maintained the property at Regner Park including the swimming pond.

23. Defendant, City of West Bend Parks and Recreation Commission is a division of the City of West Bend, located at 1115 South Main Street West Bend, WI 53095. At all times material hereto, the City of West Bend Parks and Recreation Commission was a department of the City of West Bend. At all times material hereto, the City of West Bend and the City of West Bend Parks and Recreation Commission owned and operated the swimming pond located at Regner Park. At all times material hereto, the Parks and Recreation Commission was responsible for training and supervising the employees of Regner Park. At all times material hereto, the City of West Bend and the City of West Bend Parks and Recreation Commission hired and trained the individuals who

---

[1] Swannie Her's minor siblings are hereinafter referred to as "Swannie Her's Minor Siblings."

oversaw and operated the day-to-day operations of the swimming pond located at Regner Park. At all times material hereto, the City of West Bend and the City of West Bend Parks and Recreation Commission, their agents, servants, and/or employees maintained the property at Regner Park including the swimming pond.

24. Defendant, Kraig Sadownikow, is an adult resident of the State of Wisconsin and at all times material hereto was employed as the Mayor for the City of West Bend.

25. Defendant, Craig Hoeppner, is an adult resident of the State of Wisconsin and at all times material hereto was employed as the Director of Parks Recreation and Forestry for the City of West Bend located 1115 South Main Street, West Bend, WI 53095

26. Defendant, Ryan Zamrow is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

27. Defendant, Brogan Zochert, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

28. Defendant, Michaela Millard, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

29. Defendant, Cassidy Holbrook, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

30. Defendant, Noah Wilkens, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

31. Defendant, Madeline Kaphingst, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

32. Defendant, Abigail Ehmke, is an adult citizen of the State of Wisconsin and at all times material hereto was employed as a lifeguard at Regner Park, and was responsible for the safety and well-being of patrons of Regner Park.

33. Defendant, Statewide Services, Inc., is a domestic insurance corporation with offices of its Registered Agent, Business Filings Incorporation located at 1241 John Q. Hammons Drive, Suite 200, Madison, WI 53717; that said Defendant is engaged in the business of writing and selling liability insurance, that prior to the date of this incident, June 11, 2016, Statewide Services, Inc. issued a policy or policies of liability insurance to the defendant, City of West Bend, insuring said Defendant, along with agencies and employees thereof, against claims such as those hereinafter set forth hereinafter and said policy of policies of insurance were in full force and effect at the time of this incident. That by reason of such policy Statewide Services, Inc. is a proper party herein.

## FACTS

34. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

35. On June 11, 2016, Swannie arrived at Regner Park with her family at approximately 5:15 p.m.

36. On June 11, 2016, Swannie was a paid attendee and legal patron of Regner Park.

37. Approximately 20 to 30 minutes after Swannie arrived at Regner Park, a patron found Swannie unresponsive, submerged in four to five feet of water in the south west area of the pond.

38.     That after Swannie was found unresponsive; she was brought to the beach where another patron began to administer CPR until lifeguards arrived.

39.     On June 11, 2016, Swannie drowned while a patron of the Regner Park swimming pond located and maintained by the City of West Bend and the City of West Bend Parks and Recreation Commission.

40.     That access to the area of the pond where Swannie was found unresponsive requires patrons to pass a "swim test."

41.     That patrons accessing the area of the pond where Swannie was found unresponsive were required to wear a wrist band indicating adequate completion of the "swim test."

42.     That Swannie had not been administered the "swim test" and was not at any time wearing a wrist band indicating she had passed the "swim test."

43.     That the area of the pond where Swannie was found unresponsive prohibited floatation toys per Regner Park policy.

44.     On June 11, 2016, Regner Park had 820 paid attendees.

45.     That approximately 200 people were in the pond at the time Swannie was found unresponsive.

46.     That of the seven lifeguard posts stationed around the pond, only three were actively staffed by lifeguards at the time Swannie was found unresponsive.

47.     That at the time Swannie was found unresponsive; the other four lifeguards on duty were "off station" per Regner Park policy.

48.     That three lifeguards actively monitoring the water were insufficient to meet the requirements of the Wisconsin Department of Health Services administrative code ("DHS"), DHS 172.23.

49. That both lifeguard posts observing deeper parts of the pond, where Swannie was found unresponsive, were staffed by inexperienced lifeguards that had only began lifeguarding two weeks prior to the incident.

50. That the City of West Bend, through its employees and deficient DHS 172.22 protocols, unreasonably failed to recognize that the swimming attraction was statutorily understaffed, unreasonably failed to recognize the risk of physical injury or death, and otherwise unreasonably failed to intervene or act to protect the health and safety of Swannie.

51. That utilizing only three lifeguards for an estimated 200 swimmers was common practice for Regner Park.

52. At all times material hereto, the Defendants acted with carelessness, reckless disregard, deliberate indifference and negligence in the life guarding, lifeguard training, lifeguard staffing, and supervision of the swimming pond and/or swimming pool at Regner Park and the users thereof, resulting in the death of the minor Swannie Her.

53. On June 11, 2016, while Swannie Her was lawfully and properly a patron of Regner Park, sustained serious personal injuries resulting in her death, while using the swimming pond at Regner Park, as a result of the carelessness, reckless disregard, deliberate indifference and negligent conduct of the Defendants in the ownership, management, operation, maintenance, control, life guarding and supervision of the subject premises, including the swimming pool, by the Defendants, their agents, servants and/or employees.

54. At all times material hereto, the Defendants, their agents, servants, and/or employees, had a duty to use reasonable care to keep and maintain the subject premises in a reasonably safe condition and to use reasonable care in the supervision, lifeguarding and protection of all persons on the premises.

55. At the time of Swannie Her's death, she left behind her mother and father who

suffered pecuniary and other damages and incurred funeral, burial and other expenses all to their great damage and loss.

56. At the time of Swannie Her's death, she left behind her mother and father who suffered loss of society and companionship all to their great damage and loss.

57. At the time of Swannie Her's death, she left minor siblings who suffered loss of society and companionship all to their great damage and loss.

58. As a result of the aforesaid incident and wrongful death of Swannie Her, plaintiffs have sustained damages in a sum, which exceeds the monetary limits of all courts of limited jurisdiction.

## FIRST CAUSE OF ACTION
*Fourteenth Amendment Deprivation*

59. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

60. The Fourteenth Amendment to the United States Constitution holds that no State shall deprive any person of life, liberty, or property without due process of law; 42 U.S.C. §1983 creates a civil action for deprivation of rights secured by the Constitution.

61. On June 11, 2016, the Defendants, their agents, servants and/or employees owned, operated, maintained, controlled, guarded and supervised the swimming pond located at Regner Park.

62. As a result of Defendants' deliberate indifference and failure to take reasonable safety precautions in safeguarding the patrons of Regner Park, the Defendants created, maintained and promoted a state created danger while charging an admission fee and welcoming the public on the premise.

63. At all times material hereto, the decedent, Swannie Her, was a minor of six years old, and a patron of Regner Park swimming pond where she was charged an admittance fee authorizing her access to all areas of the park, including the swimming pond and/or swimming pool.

64. At all times material hereto, the Defendants' created a danger for Swannie Her and the general public through their carelessness, reckless disregard, and deliberate indifference in their life guarding policies, lifeguard training, lifeguard staffing, and supervision of the swimming pond and/or swimming pool at Regner Park.

65. The failure to adequately train agents of the state who may be confronted with life endangering situations constitutes abuse of governmental power satisfying the requirements of 42 U.S.C. §1983.

66. The ultimate harm caused to the decedent, loss of life and permanent deprivation of Swannie Her's rights under the Fourteenth Amendment, was foreseeable.

67. The subject incident and the imperilment of the minor, Swannie Her, was caused wholly and solely by the defendants, their agents, servants, and/or employees, without any negligence on the part of the decedent.

68. The Defendants, their agents, servants, and/or employees, acted with deliberate indifference in the ownership, operation, management, maintenance, control, life guarding and supervision of the subject premises, including the swimming pond and persons in attendance thereof; and each of the named Defendants exhibited a deliberate indifference in violation of the Fourteenth Amendment to the United States Constitution to Swannie's rights, and in violation of 42 U.S.C. 1983, causing the constitutional deprivation of Swannie's individual rights to-wit:

      a. Deliberately failing to take reasonable precautions to protect those persons using the swimming pond at said premises;

      b. Deliberately failing to properly and adequately supervise and guard the decedent and others using the swimming pond;

      c. Deliberately failing to properly instruct and safeguard the decedent and others with respect to the safe use of the swimming pond;

d. Deliberately creating and maintaining a dangerous and hazardous condition on the premises thereby increasing the risk of harm to the decedent;
e. Deliberately failing to take reasonable precautions to protect those persons lawfully upon said premises from the dangers then and there existing;
f. Deliberately failing to hire and deploy persons with the necessary and proper lifeguard and life savings skills and abilities;
g. Deliberately failing to properly train, instruct, and supervise its agents, servants, and/or employees with respect to the safe operation of said premises and the guarding and supervision of swimmers;
h. Deliberately failing to employ sufficient staff to reasonably and adequately survey and lifeguard the swimming pool;
i. Deliberately failing to observe the decedent in a position of danger and failing to timely and properly respond to a condition of danger;
j. Deliberately permitting the decedent and others on the premises to use the premises including the swimming pools without proper and adequate life guarding and supervision;
k. Deliberately failing to signal or otherwise warn the decedent of the dangers then and there existing;
l. Deliberately failing to provide timely, proper and necessary life guarding and lifesaving services to the decedent;
m. Deliberately permitting the decedent and others to engage in an inherently dangerous activity that was unknown to the decedent;
n. Deliberately failing to enforce all applicable safety policies, rules, regulations and applicable rules and regulation of the State of Wisconsin;
o. Deliberately operating Defendants' facility in a willful and wanton disregard for the life, health and safety of the decedent and others lawfully on the premises;

69. That as a direct and proximate result of the deliberate, willful, wanton, and reckless violation of Swannie Her's Constitutional Rights, Plaintiffs suffered injuries and damages including, but not limited to the following:

a. Emotional distress, psychological distress, and mental anguish;
b. Physical pain and suffering;
c. Loss of companionship;
d. Loss of future enjoyment of life;
e. Fright and shock;
f. Denial of social pleasure and enjoyment;
g. Reasonable expenses of necessary medical care, treatment and services;
h. Constitutional violations;
i. Death;
j. Punitive damages for Defendants' willful conduct; and,
k. Any and all other damages, including, but not limited to attorney fees recoverable under 42 U.S.C. §§ 1983 and 1988.

## SECOND CAUSE OF ACTION
*Negligence*

70. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

71. At all times material hereto, the Defendants owed a duty to use reasonable care to keep and maintain the subject premises in a reasonably safe condition and to use reasonable care in the supervision, lifeguarding and protection of all persons on the premises.

72. At all times material hereto, the Defendants were negligent in the life guarding, lifeguard training, lifeguard staffing, creation of policies and procedures to protect the well-being and safety of patrons and supervision of the swimming pond and/or swimming pool at Regner Park and the users thereof, resulting in the death of Swannie Her.

73. That the negligence of the Defendants was the proximate cause of the injuries and damages sustained by the Plaintiffs, including but not limited to damages for emotional distress, psychological distress, mental anguish, physical pain and suffering, loss of society and companionship, loss of future enjoyment of life, loss of life, fright and shock, denial of social pleasure and enjoyment, reasonable expenses of necessary medical care, and death, all to their damage in an amount to be determined in a trial of this matter.

## THIRD CAUSE OF ACTION
*Safe Place Act*

74. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

75. That all times material hereto, the minor decedent Plaintiff, Swannie Her, was a frequenter entitled to be on the premises where this incident occurred.

76. That the premises where Swannie was injured was a place of employment or public building within the meaning of Wis. Stat., §101.11, and that the Defendants, individually, and/or

through their agents, servants and/or employees, had a duty pursuant to statute to furnish and use safety devices and safeguards; to adopt and use methods and processes reasonably adequate to render the premises as safe as its nature reasonably permitted; to construct, repair and maintain said premises, so as to render it safe and to do every other thing reasonably necessary to protect the life, health, safety and welfare of the decedent, Swannie Her.

77. That the Defendants, individually, and/or through their agents, servants, and/or employees, negligently failed to make said premises as safe as its nature reasonably permitted as required by Wis. Stat., §101.11.

78. The negligence of the Defendants, individually, and/or through their agents, servants and/or employees, in the failure to make said premises as safe as its nature reasonably permitted, as alleged, was a cause of the injuries and damages sustained by the plaintiffs.

## FOURTH CAUSE OF ACTION
*Wrongful Death*

79. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

80. That the death of minor, Swannie Her, was caused by the wrongful act, neglect or omission of the Defendants as herein alleged; if death had not ensued, Swannie Her would have been entitled to maintain an action and recover damages in respect thereof.

81. An action for wrongful death may be brought by the person to whom the amount recovered belongs; damages for the wrongful death of the decedent, Swannie Her, belong to Swannie's Parents and Swannie's Minor Siblings pursuant to Wis. Stat., §895.04.

## PRAYER FOR RELIEF

82. WHEREFORE, the Plaintiffs respectfully demand judgment in favor of Plaintiffs and against each of the Defendants, jointly and severally, awarding Plaintiffs:

       a.      Compensatory damages in an amount to be determined by the Jury;

b. Punitive damages in an amount to be determined by the Jury;
c. Judgment for damages for pecuniary injury to be determined by the Jury;
d. Damages for loss of society and companionship for Swannie's Parents and Swannie's Minor Siblings pursuant to Wis. Stat., §895.04(4) to be determined by the Jury;
e. Reasonable costs and expenses associated with this action including attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988;
f. Damages for Swannie Her's pain and suffering;
g. Damages for the violation of Swannie Her's civil rights; and
h. Any other further relief as this Honorable Court deems just and fair.

83. The City of West Bend is liable pursuant to Wis. Stat §895.46 for payment of any judgment entered against the individually named Defendants in this action because the individually named Defendants were acting within the scope of their employment all times material hereto.

84. Plaintiffs hereby reserve their right to amend their Complaint as additional information becomes known through discovery.

85. All conditions precedent to filing this lawsuit have been met.

## DEMAND FOR JURY TRIAL

86. The Plaintiffs demand trial by jury.

Dated at Pewaukee, Wisconsin this 21st day of July, 2017.

**GENDE LAW OFFICE, S.C.**
Attorneys for Plaintiff(s)


By: s/ James J. Gende II
James J. Gende II
State Bar No. 1030921

**MAILING ADDRESS**:
N28 W23000 Roundy Drive, Ste 200
Pewaukee, WI 53072
Telephone: (262) 970-8500
Facsimile: (262) 970-7100
jgende@jamesgendelaw.com